UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



CHARLOTTE M. LANDES )
 )
 Plaintiff, )
 )  No. 1:11cv33 LMB/IDD
v. )
 )
CAVALRY PORTFOLIO SERVICES, LLC )
 )
 ) JURY DEMANDED
 )
 Defendant. )

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Charlotte M. Landes file this Complaint against CAVALRY PORTFOLIO SERVICES, LLC (Cavalry) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.

### *Preliminary Statement*

1. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated Virginia residents for statutory damages arising from Defendants' violations of the FDCPA, which prohibits debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

### *Jurisdiction and Venue*

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

1

3. Defendant conducts business in this district and is subject to personal jurisdiction in the Commonwealth of Virginia and in this federal district.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because all the Defendants reside in this district within the meaning of 28 U.S.C. § 1391(b) and (c) by being subject to personal jurisdiction in the district.

## *Parties*

5. Plaintiff Charlotte M. Landes is a natural person.

6. Plaintiff is a citizen of the Commonwealth of Virginia, who resides in Fairfax County, Virginia.

7. Plaintiff is a "consumer," as that term is defined by FDCPA § 1692a(3).

8. The alleged debt that Defendant sought to collect from Plaintiff was originally incurred for personal, family, or household purposes.

9. Defendant Cavalry is a foreign corporation with its principal place of business located in Hawthorne, New York

10. Cavalry ' principal purpose is the collection of debts using the mails and telephone.

11. Cavalry regularly attempts to collect debts alleged to be due another using the mails and telephone.

12. Cavalry is a "debt collector," as that term is defined by FDCPA § 1692a(6).

## *Factual Allegations*

13. On April 27, 2010, Defendant sent Plaintiff a dunning letter, a copy of which is attached hereto as Exhibit 1.

14. In the dunning letter, Defendant states that "Cavalry wants you to get tax season savings!!!!"

15. In the dunning letter, Defendant further states that "Cavalry wants you to get the most out of your tax refund this year by offering a 20% discount to help pay your account.

16. Despite touting the tax season savings and the 20% discount off the account balance, Defendant does not disclose the tax consequences of the 20% discount. Specifically, Defendant does not advise that the 20% discount was required by the Internal Revenue Service to be reported as income to the consumer, for which the consumer would be liable to pay taxes.

17. By failing to notify consumers of the potential tax consequences of the discount offer, when taken in conjunction with the claim of a tax season savings, Defendant violated 15 USC §1692e(2), 1692e(10) and 1692f by seeking to deceive and mislead him into accepting a discounted amount. See Ellis v Cohen & Slamowitz, LLP, 701 F. Supp 2d 215 (2010).

### Claim for Relief

18. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

19. This Count is brought by Plaintiff, individually and on behalf of a class, consisting of consumers throughout Virginia who:

   a. Within one year before the filing of this action;

   b. Were sent letters by Defendant which were substantially similar to or materially the same as Exhibit 1.

20. Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a.  Based on the fact that the letters at the heart of this litigation are directed at a multitude of consumers, the class is so numerous that joinder of all members is impractical.

   b.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal question presented by this case is whether the letters sent by Defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §1692e and its subsections.

   c.  The only issue is the identification of the class members – *i.e.*, identification of those consumers who were sent letters threatening to report alleged debts that were already being reported, a matter capable of ministerial determination from Defendant's records.

   d.  Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

   c.  Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

21. A class action is superior for the fair and adequate adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of

enforcing the FDCPA. *See* 15 U.S.C. §1682k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

22. If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure..

### Demand for Jury Trial

24. Plaintiff demands a trial by Jury.

*Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in his favor, and on behalf of the class, and that judgment be entered against Defendant for the following:

(a) For statutory damages;

(b) A declaration that Defendant's dunning letter violate the FDCPA

(c) For an injunction against Defendant sending letters offering discounts without a notice of the attendant tax ramifications;

(d) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of this claim;

(e) For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(f) For any and all other relief this Court may deem appropriate.

Dated: Manassas, Virginia.

~~December~~ January 9, 2014

Respectfully submitted,

By: _____
Thomas R. Breeden

Attorney for Plaintiff:
Thomas R. Breeden, VSB # 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
(703) 361-9277, facsimile (703) 257-2259
trb@tbreedenlaw.com